[No. 2,992.]

## SOLON PATTEE AND MARTIN J. MURPHY v. L. W. MOYLE ET AL.

TITLE UNDER THE VAN NESS ORDINANCE.—Occasional and casual acts of
dominion exercised over land in San Francisco, without cultivating it or
surrounding it with a fence, are not sufficient to establish title under the
Van Ness Ordinance.

DEED OF LAND NOT IN POSSESSION OF GRANTORS.—A deed of a tract of
land in San Francisco, only a portion of which has been so reduced to pos-
session by the grantors as to give them possession, or the right to possession
or title under the Van Ness Ordinance, will confer upon the grantees no
right under the ordinance, except to the part actually inclosed and reduced
to possession.

APPEAL from the District Court of the Twelfth Judicial
District, City and County of San Francisco.

Ejectment to recover possession of one hundred and sixty
acres of land in the City and County of San Francisco, de-
scribed as follows: Commencing on the east side of the old
Mission road at a point in a southeasterly direction from the
house heretofore known as the Harmon House; thence
north two degrees west two chains thirty-two links; thence
north thirty degrees east four chains fifty-eight links; thence
north twenty-five degrees east one chain seventy-six links;
thence north forty-seven degrees east two chains eighty-one
links; thence north seventy-six degrees west thirty-six links;
thence north forty-six degrees east seven chains ninety-five
links; thence north twenty degrees thirty minutes west five
chains forty-four links; thence north fourteen degrees west
seventy chains fifteen links; thence west thirty degrees south
to land formerly belonging to Guerrero; thence south four-

teen degrees east and along said land seventy chains forty-five links; thence south eleven degrees thirty minutes east fourteen chains ninety links; thence north forty-four degrees east six chains seventy-four links; thence north seventy-six degrees eighteen minutes east and crossing said Mission road seventy-one links to the place of beginning.

There were a large number of defendants who answered, each claiming separate portions of the tract sued for. Within the boundaries of the tract claimed by the plaintiffs was a small piece of land called the "Garden Tract," which Jacob Harmon took possession of in 1847, and inclosed and cultivated. Harmon died in November, 1850, and his administrators remained in possession up to August, 1852, when his widow, Elenora, who had intermarried with one Michael Foley, along with Foley, leased the "Garden Tract" to Michael Commerford for the term of three years and four months, or until January 16th, 1856. In December, 1853, Commerford sold his lease to Brannan, Larkin, and others, and in September, 1854, surrendered to them possession of the "Garden Tract," but continued to oversee it for them ten months longer. On the 27th of June, 1853, Michael Foley and his wife Elenora, conveyed to Brannan, Larkin, and others the one hundred and sixty acres sued for. Within its boundaries was a tract of forty-eight acres particularly described in the deed aside from the general description. It is this deed the Court speaks of in its opinion.

The plaintiffs on the trial dismissed the action as to all the defendants occupying land outside the "Garden Tract" and the forty-eight acres, and the Court granted a nonsuit as to all the defendants who occupied land in the forty-eight acres outside the "Garden Tract." The plaintiffs recovered judgment for the "Garden Tract," and appealed from the judgment in favor of the defendants, and from an order denying a new trial.

The other facts are stated in the opinion.

*W. H. Patterson,* for Appellants.

*Jarboe & Harrison,* for Respondents.

By the Court, CROCKETT, J.:

The plaintiffs failed to establish title, under the Van Ness Ordinance, to any portion of the premises described in the complaint, except the "Garden Tract"—for the recovery of which they obtained a judgment. As to the remainder of the tract, there was no evidence tending to prove that they or their grantors had the *actual* possession, or were entitled to the possession at any time prior to the 1st day of January, 1855, nor on that day, and from thence until the 20th day of June, 1855; and, in the absence of such evidence, it is clear that they did not show themselves entitled to the benefit of the Van Ness Ordinance. Except the "Garden Tract," no portion of the forty-eight acres was either cultivated or surrounded with a substantial inclosure; and the occasional, trivial, and apparently casual acts of dominion exercised over it by Foley and his wife, or Commerford, were wholly insufficient to establish an actual possession. There was, however, evidence to the effect that in the year 1860 certain portions of the forty-eight-acre tract, north of the "Garden Tract," were inclosed with a substantial fence by Perley and his associates, Brannan, Larkin, and others. But there was no evidence tending to show that the plaintiffs had succeeded to any rights acquired by Perley and his associates, founded on the inclosure. On the contrary, the only evidence of title in the plaintiffs consists in an admission at the trial "that whatever right, title, and interest passed to Samuel Brannan and his associates by the deed put in evidence, was, at the commencement of this suit, vested in plaintiffs." The deed referred to is a deed from Foley and wife to Brannan, Weller, Larkin, and Yale,

made in June, 1853, for the forty-eight acres. But, as Foley and wife, so far as appears from this record, never had either title or the actual possession, or the right to the possession, of any portion of the land, except the "Garden Tract," their deed to Brannan and others conveyed neither title or right of possession to the remainder. As we have already seen, it was only the rights which were supposed to have passed by this deed which were vested in the plaintiffs, and as no rights passed, except in respect to the "Garden Tract," the plaintiffs established no right to the possession of the remainder. If they have in any manner succeeded to such rights as were acquired by Perley and his associates, by means of the inclosure erected in 1860, the record fails to show it. The nonsuit was therefore properly granted.

Judgment affirmed.

The Chief Justice, having been of counsel in the Court below, did not sit in this cause.